UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

REBECCA E. S.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C23-1014 RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). Plaintiff contends the ALJ erred (1) by rejecting her symptom testimony, (2) rejecting Dr. May's opinion, and (3) at step four. Dkt. 11.[1] As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 63 years old and has worked as a home attendant and general clerk. Admin. Record (AR) 31. Plaintiff applied for benefits, alleging disability as of July 1, 2018. AR 67, 73,

---

[1] Plaintiff's Opening Brief does not entirely comply with the briefing requirements provided in the Court's Scheduling Order, as Plaintiff did not list the alleged errors on the first page of the brief. *See* Dkts. 7 at 2; 11 at 1. In the future, counsel shall take care to review and comply with the Court's briefing requirements.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

1    83. Plaintiff's applications were denied initially and on reconsideration. AR 71, 80, 90. The
2    ALJ conducted a hearing in June 2022, where Plaintiff amended her alleged onset date to
3    November 3, 2020. AR 42–65. In July 2022, the ALJ issued a decision finding Plaintiff not
4    disabled. AR 12–41.

## DISCUSSION

6    The Court may reverse the ALJ's decision only if it is legally erroneous or not supported
7    by substantial evidence of record. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The Court
8    must examine the record but cannot reweigh the evidence or substitute its judgment for the
9    ALJ's. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to
10   more than one interpretation, the Court must uphold the ALJ's interpretation if rational. *Ford*,
11   950 F.3d at 1154. Also, the Court "may not reverse an ALJ's decision on account of an error
12   that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

13   **1.    Dr. May**

14   In a letter dated August 17, 2021, neuro-ophthalmologist Dr. May wrote: "1. [Plaintiff]
15   cannot drive. 2. She can only see clearly up close. 3. She has to be able to wear an eye patch, as
16   needed. 4. She can only work continuously for 30 minutes at a time with 30 to 60-minute breaks
17   in between. 5. Has poor depth perception. 5. Fatigues very easily not because of the visual
18   strain." AR 746.

19   ALJs must consider every medical opinion in the record and evaluate each opinion's
20   persuasiveness, with the two most important factors being "supportability" and "consistency."!
21   *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a).
22   Supportability concerns how a medical source supports a medical opinion with relevant
23   evidence, while consistency concerns how a medical opinion is consistent with other evidence

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

Here, the ALJ found Dr. May's opinion regarding Plaintiff's limited driving and ability to only see up close unsupported by his own treatment records. AR 29. The ALJ pointed out that after Plaintiff underwent an operation for an aneurysm, Dr. May found her eye exam findings "pretty stable." AR 728. Dr. May also wrote that he doubted "there has been a significant increase in her esotropia or possible 6th nerve palsy," and "[it] is reassuring that the pain is less than it had been." *Id*. The record also shows Dr. May prescribed plano spectacles for Plaintiff to wear after she reported having double vision. *Id*. Subsequent treatment notes show that although Plaintiff did not get the spectacles, her findings remained "pretty stable." AR 838. Given the stability of Plaintiff's findings, even after she did not follow through with Dr. May's prescription, the ALJ did not err in rejecting these portions of Dr. May's opinion.

As to the rest of the opinion, the ALJ wrote:

> [Dr. May's] opinion that [Plaintiff] could only work continuously for 30 minutes at a time with 30 to 60 minute breaks in between may have been supported by his finding that the claimant[] fatigues easily, but he specifically states that this is not from visual strain. Thus, the cause of this fatigue was not worked up by him and [] outside of his area of his expertise. Therefore it is not supported by his clinical examination findings.

AR 29–30.

Plaintiff argues the ALJ misread Dr. May's opinion and that the physician's finding that Plaintiff is only able to work for only 30 minutes at a time is due to visual strain and therefore within his area of expertise. Dkt. 11 at 8–10 (citing AR 718, 835). Plaintiff's argument assumes the ALJ was analyzing Dr. May's treatment notes from

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

August 16, 2021, which state, in relevant part, "Straining with her eyes makes her very tired, requiring that she can only do work for 30 minutes at a time but then has to take a break for 30 to 60 minutes." *See* AR 718, 835.  But it was the August 17 letter the ALJ assessed, and the contents of the letter were different from the treatment notes Plaintiff cites to.  *Compare* AR 746 *with* AR 718, 835.  In any case, the ALJ's reasoning—that Dr. May's opinion was not within his area of expertise—is erroneous because it is predicated on the assumption that Plaintiff's 30-minute working limitation is related to Plaintiff's fatigue (that Dr. May stated as unrelated to visual strain).  However, reading the letter, Dr. May did not seem to be basing his opinion on said fatigue.  *See* AR 746.  He listed the two proposed limitations separately and made no indication they were related.  *See id*.  Because the ALJ's evaluation is based on a misinterpretation of Dr. May's opinion, the Court cannot say his reason was supported by substantial evidence.  Further, even if fatigue was the basis of this part of Dr. May's opinion, a medical source's lack of specialization alone is not the "most important factor" the ALJ must consider when weighing a medical opinion.  *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Instead, the ALJ must consider a medical opinion's supportability and consistency, which the ALJ did not do with this specific part of the Dr. May's opinion.  Therefore, in evaluating Dr. May's opinion, the ALJ erred.

> **2. Plaintiff's Symptom Testimony**

Plaintiff testified to pain in her lower back, hip, knees, left elbow, shoulder, wrists, fingers, and ankles.  AR 56.  She stated she has dislocations almost daily and her pain lasts for days.  AR 56–57.  She explained she has difficulties with standing, walking, and she falls and gets lightheaded when she stands up too quickly.  AR 57.  She stated she spends 30 to 40

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

minutes laying down every day at any given time. *Id*. Plaintiff also testified that she has been diagnosed with major depression and post-traumatic stress disorder. AR 54. She stated she is forgetful and has difficulties focusing. AR 55. In her function report, Plaintiff wrote that her vision is limiting. AR 258.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In evaluating Plaintiff's physical symptoms, the ALJ focused on Plaintiff's aneurysm and records after her aneurysm was obliterated in April 2021, implying Plaintiff's symptoms were connected to this condition and that Plaintiff's symptoms improved as a result of her procedure. *See* AR 24–27. Evidence cited by the ALJ shows that following her procedure, Plaintiff denied focal neurologic deficits, vision loss, weakness in her upper or lower extremities, sensory deficit, or gait instability. AR 667. In another follow-up appointment in October 2021, Plaintiff again reported the same, and her physical examination showed full strength in all muscle groups. AR 873. The effectiveness of treatment is relevant to the evaluation of a claimant's alleged symptoms, 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), but subsequent treatment notes in the record present some ambiguity regarding Plaintiff's physical condition. For example, the ALJ pointed out Plaintiff's physical examination "remained normal," but the treatment note cited only includes psychiatric and neurological findings. *See* AR 1025. The ALJ pointed out Plaintiff's

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 5

weight and BMI, but did not explain how this necessarily detracts from Plaintiff's testimony. AR 26 (citing AR 1025). The ALJ also cited Plaintiff's physical examination from May 2022 and explained it did not corroborate her subjective reports. AR 26 (citing AR 1031). But there were no actual objective findings from that examination that supports the ALJ's reasoning. Instead, the examination includes notations by Plaintiff's physician regarding possibly needing "further scanning for aneurysms…" given the increase of Plaintiff's joint dislocation. *See* AR 1036.

The ALJ also noted that because Plaintiff's therapy records included only subjective reports about Plaintiff's joints popping, "the degree in which they result in functional limitations is in question." AR 26. This description of Plaintiff's therapy records is not entirely accurate, because in addition to Plaintiff's subjective reports, they include findings regarding Plaintiff's range of motion and strength. *See* AR 1114–37. The ALJ pointed to a February 2022[2] appointment but did not explain why the therapy note supports his reasoning as it shows Plaintiff had limited range of motion. *See* AR 1141.

In rejecting Plaintiff's testimony regarding her mental health, the ALJ pointed out that Plaintiff's evaluator found her mood, psychomotor, insight, judgment, and abstract thinking impacted by Plaintiff's aneurysm procedure. AR 30 (citing AR 1076). The ALJ's reasoning that Plaintiff's mental symptoms were situational is reasonable given the evaluator's notes. *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (finding no error with the ALJ's rejection of the plaintiff's testimony because her symptoms were attributed in part to plaintiff's living situation rather than her mental impairment). The ALJ also pointed to Plaintiff's other mental

---

[2] The ALJ mistakenly wrote that the therapy note was from December 2020, but the record shows Plaintiff's visit date as "02/02/2022." *See* AR 1141.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 6

examinations showing normal psychiatric findings. *See* AR 30 (citing AR 778, 1025). "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. Here, counseling notes show Plaintiff often appeared oriented with neutral, mild, cheerful, or improved affect. *See* AR 1046, 1054, 1055–57. While Plaintiff did report some lapses in memory, later notes also show she was less distracted and did well. *See* AR 1046, 1055. Given these records, the ALJ did not err in rejecting Plaintiff's testimony regarding her mental health.

The ALJ also did not err in rejecting Plaintiff's testimony regarding her vision. The ALJ noted Plaintiff had optic neuropathy in her left eye, but nonetheless found her records indicated improvement. *See* 20 C.F.R. §§ 404.1529(c)(3) (the effectiveness of medication and treatment are relevant to the evaluation of a claimant's alleged symptoms), 416.929(c)(3) (same). The ALJ's reasoning is supported by the record, which shows Dr. May found her findings "stable" following her aneurysm procedure. AR 728. The record also shows Plaintiff reported double vision in her left eye, for which Dr. May suggested getting spectacles with a prism. *Id*. In a follow-up appointment, Plaintiff reported she did not get the spectacles, but Dr. May again found her findings "pretty stable." *See* AR 838. Given the stability of Plaintiff's symptoms, it was reasonable for the ALJ to find Plaintiff's testimony regarding her vision inconsistent with her record.

In sum, the ALJ did not err in rejecting Plaintiff's testimony concerning her mental health and vision symptoms, given her normal examinations and improvement. However, because the ALJ disregarded probative records concerning Plaintiff's physical symptoms, the ALJ erred in rejecting this portion of her testimony.

**3.    Step Four**

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

Plaintiff contends the ALJ erred in finding she is able to perform her past work based on her RFC. Dkt. 11 at 4–7. The Court need not address this argument, as it has found errors with the ALJ's evaluation of Dr. May's opinion and Plaintiff's symptom testimony, and such errors necessitate reassessment of Plaintiff's RFC. *See* Social Security Ruling 96-8p (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate Dr. May's opinion and Plaintiff's testimony, and reassess Plaintiff's RFC and all relevant steps of the disability evaluation process. The ALJ shall conduct all further proceedings necessary to reevaluate the disability determination in light of this opinion.

DATED this 30th day of January, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE